IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GUILLERMO VARGAS,

                Plaintiff,                                 Case. No. 6:23-cv-392-MC

                v.                                       ORDER

JAMES BISHOP, in his individual capacity
and WESTERN PALLETS, INC., an
Oregon Corporation,

                Defendants.

_____

MCSHANE, Judge:

       Pending before the Court is the fourth discovery dispute regarding Plaintiff and Plaintiff's counsel's repeated failures to take their discovery obligations seriously. The Court agrees with the history laid out in Defendants' September 9, 2024, letter to the Court and incorporates that letter, along with Defendants' Reply letter dated September 20, 2024, into this Order.

       Plaintiff's Response letter dated September 17, 2024, merely reinforces that dismissal of this action is the only appropriate remedy. This Court has considered less-drastic remedies on multiple occasions. Those less-drastic remedies have only resulted in additional prejudice to the Defendants. That prejudice has resulted not only in wasted time and unnecessary expense, but also in a failure to adequately defend themselves in this action.

1 – ORDER

As noted by Defendants, many of the messages identified in the recent forensic investigation relate specifically to defenses raised by Defendants in this action. Absent the forensic investigation—ordered by the Court over Plaintiff's objection—Defendants would not have received any of the evidence they sought in repeated discovery requests. Importantly, Plaintiff's counsel repeatedly confirmed that no such discovery existed. The forensic investigation revealed numerous relevant messages that were clearly material to Defendants' ability to defend themselves.

One outstanding problem is that neither the Court nor the parties know what other relevant discovery exists and, if so, in what form. Again, Defendants only learned of the relevant messages in dispute after spending much time checking Plaintiff's limited discovery productions against items (like messages sent to or from the individually-named Defendant) the Defendants already had it their possession. The Defendants have no way of knowing what other information exists that would aid in their defense. Although Plaintiff sat for a deposition, he was woefully unprepared to the point that the deposition was a complete waste of everyone's time. And as this Court has previously concluded, neither Plaintiff's, nor Plaintiff's counsel's, assurances that no relevant discovery exists is worthy of trust. Even now, seemingly ignorant of (1) the history of discovery in this action and (2) the Court's prior orders that counsel must take a more active role in responding to discovery requests, Plaintiff's counsel argues:

> Counsel's primary role is to advise the represented party on the law, their rights and remedies as well as obligations and possible legal consequences. However she is not necessarily an expert with respect to using all devices. Even while assisting plaintiff in searching his devices she is guided primarily by the plaintiff's representations that all responsive documents have been completed and focuses on making sure that he understands the scope of his obligation.[1]

---

[1] Plaintiff's counsel also argues that language barriers pose a significant issue. As this Court previously pointed out, however, Plaintiff's counsel's law firm holds itself out as speaking Spanish (and actively seeks Spanish-speaking clients).

2 – ORDER

September 17, 2024, Letter, 2.

      Remarkably, Plaintiff's counsel essentially argues that because Defendants finally have the discovery they sought long ago, there is no harm and the evidence Defendants only unearthed via the forensic examination—evidence that goes to the heart of Defendants' defense—merely present questions of fact that the jury will have to decide. The Court disagrees. At some point, there has to be a penalty for Plaintiff's continued refusals to adequately respond to Defendants' discovery requests. The evidence uncovered in the forensic examination goes to the heart of Defendants' defense. In fact, it is hard to conceive of discovery that would be more relevant to Defendants' defense. Again, the only reason Defendants knew this discovery could exist was after a thorough (and costly) cross-checking of Plaintiff's responses with other documents that happened to already be in Defendants' possession. Ordering Plaintiff to pay fees and costs at some future date only prejudices Defendants, who already incurred the fees and will no doubt incur additional fees in the future cross-checking whatever discovery Plaintiff ultimately turns over against other documents already in Defendants' position.

      Given that Plaintiff's failures have greatly impacted Defendants' ability to defend this action, and given that Defendants have incurred significant costs and expenses as a result of Plaintiff's failures to comply with reasonable discovery requests, the Court believes the appropriate sanction is dismissal of this action under Federal Rule of Civil Procedure 37(b)(2)(A)(v).

IT IS SO ORDERED.

      DATED this 23rd day of September, 2024.

                        _____/s/ Michael McShane____ _____
                             Michael McShane
                   United States District Judge